UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Leon Denard Currie,<br><br>            Petitioner,<br>    v.<br><br>Ronald Haynes,<br><br>            Respondent. | Case No. 3:22-cv-5823-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>June 2, 2023</u> |

Petitioner Leon Denard Currie., is a state prisoner who is currently confined at the Stafford Creek Corrections Center. He is proceeding *in forma pauperis* (IFP). Petitioner submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1995 judgment and sentence of the Pierce County Superior Court. Dkts. 1, 5. On March 8, 2023, Respondent filed a Motion to Dismiss Second or Successive Petition for Lack of Subject Matter Jurisdiction. Dkt. 11.

Respondent argues that this Court should dismiss the petition for lack of subject-matter jurisdiction as Petitioner failed to comply with section 2244(b)(3) requirements. After reviewing the Respondent's motion, with the attached state court proceedings, and the Court's own records, the undersigned agrees. This is Petitioner's third habeas corpus petition. Before filing, he was required to comply with the requirements of 28 U.S.C. § 2244(b)(3). He has not done so.

REPORT AND RECOMMENDATION - 1

Accordingly, this Court recommends that the file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## DISCUSSION

Petitioner has previously filed two habeas corpus petitions with this Court, in which he challenged his conviction and sentence. *See Currie v. Payne*, U.S.D.C. (W.D. Wash.) No. C00-5485-FDB and *Currie v. Payne*, U.S.D.C. (W.D. Wash.) No. C06-5429 RBL/KLS.

Mr. Currie's first petition was dismissed as untimely. *See* Dkt. 11-1, State Court Record, at Exhibit 3; *see* also *Currie v. Payne*, U.S.D.C. (W.D. Wash.) No. C00-5485-FDB at Dkt. 12 (Order Adopting Report and Recommendation). The District Court and the Ninth Circuit Court of Appeals denied a certificate of appealability. *Id*. at Dkts.16, 17. The Ninth Circuit also denied a petition for panel rehearing. *See id.* at Dkt. 18.

Mr. Currie filed his second petition in 2006, challenging his conviction and sentence. Respondent moved to dismiss the petition based on lack of subject-matter jurisdiction as Currie had failed to comply with 28 U.S.C. § 2244(b)(3). The Court granted Respondent's motion and transferred the case to the Ninth Circuit. *See* Dkt. 11-1, State Court Record, at Dkt. 13 (Order Adopting Report and Recommendation, *Currie v. Payne*, No. C06-5429 RBL/KLS (April 20, 2007)).

Ninth Circuit Rule 22-3 (a) states:

> (a) Application. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application Must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for

REPORT AND RECOMMENDATION - 2

> leave to file such a petition or motion, is mistakenly submitted to the
> district court, the district court shall refer it to the court of appeals.

(Emphasis added).

Section 2244(b)(3) required Petitioner to move the Ninth Circuit Court of Appeals for an order authorizing this Court to consider this petition. There is no indication in the records that Petitioner attempted to comply with the requirements of this section. Accordingly, the instant petition should be treated as a "second or successive" petition and should be transferred in accordance with Rule 22-3(a).

## CONCLUSION

The Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file. A proposed order accompanies this Report and Recommendation.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION - 3

1    Accommodating the above time limit, the Clerk shall set this matter for
2    consideration on June 2, 2023 as noted in the caption.

3    Dated this 18th day of May, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4